# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| **DOUGLAS E. MITCHELL** | § | |
| | § | |
| **V.** | § | 1:06-CV-682 |
| | § | |
| **J. CHARLES CLINKSCALES** | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

The court referred this matter to the Honorable Earl S. Hines, United States magistrate judge, at Beaumont, Texas, for consideration pursuant to applicable laws, orders of this court and, particularly, General Order 05-07.

Plaintiff Mitchell is proceeding *pro se*. Mitchell alleges that he paid defendant Clinkscales to perform dental work. Clinkscales did not perform the work to Mitchell's satisfaction. The magistrate judge recommends that the case be dismissed because the court does not have jurisdiction. There is no diversity jurisdiction because the parties are citizens of the same state and because the amount is controversy is far below the $75,000 jurisdictional minimum. The court also lacks subject matter jurisdiction because the apparent cause of action is a state law breach of contract, personal injury, or Texas consumer protection statute cause of action.

Plaintiff objects to the magistrate judge's analysis and recommendations that the motion be dismissed due to lack of jurisdiction. Mitchell's objection is that his cause of action is really brought under 42 U.S.C. § 1983, which provides a private right of action against state employees for

violations of constitutional rights. There is no indication in the complaint, however, that Clinkscales is a state employee.

As a dentist, Clinkscales is required to be licensed by the state. See Tex. Occ. Code Ann. § 256.001 ("A person may not practice or offer to practice dentistry or dental surgery . . . unless the person holds a license issued by the board."). Texas sets minimum qualification standards for applicants for dental licenses. See id. at § 256.002. Applicants must pass an examination before being awarded a license. See id. at § 256.003. The state also regulates the practice of dentistry. See e.g., id. at §§ 258.054 (regulating dentists' use of X-Ray equipment), § 259.005 (regulating the types of advertising permitted of dentists), and § 258.051 (determining ownership of dental records).

The fact that the state of Texas licenses and regulates dentists does not automatically expose licensed dentists to section 1983 liability. The Fifth Circuit states that "[t]he mere fact that a business is subject to state regulation does not itself convert its action into that of the state for purposes of the Fourteenth Amendment." See Cornish v. Corr. Serv. Corp., 402 F.3d 545, 550 (5th Cir. 2005). "To make the requisite showing of state action by a regulated entity," Mitchell "must establish a sufficiently close nexus between the State and *the challenged action* of the regulated entity." Mitchell has not alleged any facts connecting Texas to Clinkscales's allegedly deficient dental work.

Several circuits have held that mere licensing of a private party does not subject that party to section 1983 liability. See Comiskey v. JFTJ Corp., 989 F.2d 1007 (8th Cir. 1993) (bar's liquor license did not make it a state actor for section 1983 purposes); Hadges v. Yonkers Racing Corp., 918 F.2d 1079 (2d Cir. 1990) (no sufficient relationship between state and private owner of state-

licensed race track to impose section 1983 liability); Sarin v. Samaritan Health Center, 813 F.2d 755 (6th Cir. 1987) (no sufficient state action on showing that hospital was licensed and regulated by the state); Sumpter v. Harper, 683 F.2d 106, 108 (4th Cir. 1982) ("where the only link is a State license to practice, there is no sufficient ground for concluding that a private physician can be sued under section 1983 for fault in treating his patients"); Ouzts v. Maryland Nat. Ins. Co., 470 F.2d 790 (9th Cir. 1972) (mere action under state license is not state action); see also Polk County v. Dodson, 454 U.S. 312, 319 n.9 (1981) (noting that although lawyers are generally licensed by the state, they are not officials of the government by virtue of being lawyers).

The Fifth Circuit has identified several tests to determine if a private actor's conduct can be fairly attributable to the state. First, the "public function" test, which examines whether the private entity performs a function which is exclusively reserved to the state. Cornish at 550. Second, the "nexus" or "state action" test, which examines whether the state has inserted itself into a position of interdependence with the private actor, such that it was a joint participant in the enterprise. Id. Third, the "joint action" test, which examines whether private actors and the state are willful participants in joint action. Id.

Mitchell has not alleged any facts to support a cause of action against Clinkscales. Other than the connection between Clinkscales and Texas by virtue of Texas's issuing Clinkscales a dental license, there is no relationship alleged between the two. Dentistry is not a function exclusively reserved to the state. Texas cannot be said to be involved in the joint enterprise of dentistry. And as there is no joint action, Texas and Clinkscales cannot be willful participants in any joint action.

Having considered the magistrate judge's report and conducted a *de novo* review of defendant's objections, the court concludes that the findings of fact and conclusions of law of the magistrate judge are correct, and plaintiff's objections are not meritorious. The court lacks jurisdiction to hear this cause of action.

Accordingly, plaintiff's objections are **OVERRULED**, and the report of the magistrate judge is **ADOPTED**. It is further

**ORDERED** that plaintiff's motion to appoint counsel is **DENIED** as moot. It is further

**ORDERED** that the reference to the magistrate judge is **VACATED**.

By separate order, the court will implement the recommendations submitted by the magistrate judge.

**SIGNED** this the **16** day of **January, 2007.**

_____
Thad Heartfield
United States District Judge